IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN SALGADO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 1878 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| STUDENT LOAN SOLUTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a "Motion for an Order to Show Cause and to Bar the Deposition of Orlando Juarez" because it supposedly violates Judge Chang's Order of October 6, 2020. Judge Chang has referred the Motion here.

We begin with Judge Chang's Order of October 6th:

> By 11/16/2020, the parties shall file a Deposition Scheduling Report listing the depositions already taken and (more importantly) the remaining deponents, all of whom must have ***confirmed*** deposition dates (not just proposed dates). Any person not on that Report will presumptively not be deposed without good cause (e.g., genuine surprise despite due diligence).[1]

[Dkt. #27](parentheses and asterisks in original).

In the five weeks following the Order, the parties listed: Benjamin Salgado, November 30, 2020; Sarah Grinkiwiecz, December 1, 2020; Anne Cochran & Robert Siller, December 7, 2020; Chris Ruh, December 11, 2020. [Dkt. #28]. Defendant listed neither Orlando Salgado (to whom

---

[1] It must not be overlooked that Judge Chang's Order thus defined "good cause," and *that* definition, not some other, controls. "A word," as Justice Holmes has noted, "is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." *Towne v. Eisner,* 245 U.S. 418, 425 (1918)(Holmes, J.).

defendant issued the challenged subpoena), nor Orlando Juarez (to whom defendant wanted to issue a subpoena, but did not because of claimed "inadvertent scrivener's error"). [Dkt. #34, at 3].

Nowhere in their Response Brief do the defendants attempt to show the "good cause" required – and defined – by Judge Chang's Order with reference to individuals who were not listed on the Report. Indeed, defendants' Response mentions "good cause" only in passing, and it fails to cite a case regarding what might amount to "good cause" generally, let alone under the Order, or why it exists here. The issue is thus waived. Undeveloped arguments are deemed waived. *Shipley v. Chicago Bd. of Election Commissioners*, 947 F.3d 1056, 1063 (7th Cir. 2020). The principle is applicable even when constitutional issues are presented. *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016). And judges may not "fill this void by crafting arguments and performing the necessary legal research." *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 842 (7th Cir. 2010). This is not a preference. It is something courts are forbidden to do. *Bunn v. FDIC for Valley Bank Illinois*, 908 F.3d 290, 297 (7th Cir. 2018). *See also United States v. Sineneng-Smith*, _U.S._, 140 S.Ct. 1575, 1579 (2020).

Defendants do not explain *why* the deposition of Orlando Juarez was necessary. That is, they don't explain why that deposition was relevant. Yet, the Supreme Court has cautioned that the concept of relevancy in discovery should be strictly observed and firmly applied by the courts. *Herbert v. Lando*, 441 U.S. 153 (1979). *Cf. Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007). *See also Swanson v. Citibank*, *N.A.*, 614 F.3d 400, 411-12 (7th Cir. 2010). Yet, all that is said by the defendants is that have the right to conduct the discovery that they deem necessary in the order they deem necessary as long as there is compliance with the applicable procedural rules. That's not exactly accurate. Relevancy is ultimately a matter to be decided by the court as are the concepts of

"due diligence" and "genuine surprise," which appear in the definition of good cause in the October 6th Order. The existence of those requirements is not a decision that is unilaterally and finally made by *counsel*. They are decisions ultimately for the court. Here, the defendants have not attempted to demonstrate that despite due diligenc – as defined in the Order – a genuine surprise had appeared in the case, requiring the further deposition of Mr. Juarez. Parties do not control the discovery schedule. *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, 326 F.R.D. 171, 174–75 (N.D. Ill. 2018); *Flemming v. Herman Gutierrez & Ecolab, Inc.*, 2017 WL 1021993, at *2 (N.D. Ill. 2017). There is an overriding public interest in compliance with Court Orders and prompt resolution of legal disputes. *Gray v. Schaub*, 182 F.3d 921 (7th Cir. 1999); *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1380 (7th Cir. 1990). There is not only a cost to the public at large, which is subsidizing a dispute resolution service, but to the other litigants "waiting in the queue for the court's attention." *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015). *See also Fort Howard*, 901 F.2d at 1380; *R-Boc Representatives, Inc.*, 66 F.Supp.3d at 1130. If discovery needlessly "drags on" in one case, it takes time away from other cases "patiently waiting in the queue for the limited time of federal judges." *Channell v. Citicorp Nat. Servs., Inc.*, 89 F.3d 379, 386 (7th Cir. 1996).

Despite the clarity of Judge Chang's Order, defendants have failed to demonstrate that there was "good cause" to depose Mr. Juarez. Simply saying, as the defendants do, that they waited until after the plaintiff's deposition to determine whether to take Mr. Juarez's deposition is not a statement of "good cause" – as defined in Judge Chang's Order: "genuine surprise despite due diligence." All we have is a tendentious statement of what occurred, not a reasoned explanation of how Judge Chang's Order of October 6 was complied with. "Unfortunately...saying so doesn't make it so...."

*United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). *Accord Donald J. Trump for President, Inc. v. Pennsylvania*, _F.3d_, 2020 WL 7012522, at *1 (3rd Cir. 2020); *Stromberg Motor Devices Co. v. Zenith Carburetor Co.*, 254 F. 68, 69 (7th Cir. 1918). Accordingly, the plaintiff's Motion is granted but only insofar as it seeks to bar the deposition of Orlando Juarez. [Dkt. #30].

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 12/4/20